UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ANKIT KASHYAP, Petitioner,

v. Civil Action No. 4:26-cv-567-DJH

MIKE LEWIS, Jailer, Hopkins County Jail et al., Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Petitioner Ankit Kashyap, a noncitizen currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and they have submitted briefing setting out their respective legal arguments (D.N. 6; D.N. 7). After careful consideration, the Court will grant Kashyap's petition for the reasons explained below.

**I.**

Kashyap is a native and citizen of India. (D.N. 1, PageID.1 ¶ 1) He entered the United States on February 8, 2023, on a C-1 visa. (*Id.*, PageID.1 ¶ 2) On August 14, 2023, he filed an application for asylum, which remains pending. (*Id.*, PageID.1 ¶ 3; *id.*, PageID.7 ¶ 32) On or about July 31, 2026, Kashyap was arrested by Indiana State Police during a traffic stop. (*Id.*, PageID.2 ¶ 4) He was then transferred to the custody of the Department of Homeland Security (DHS). (*Id.*, PageID.2 ¶ 4) He remains detained at the Hopkins County Jail in Madisonville, Kentucky. (*Id.* ¶ 5)

Kashyap seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, DHS Secretary Markwayne Mullin, U.S. Attorney General Todd Blanche, and Acting Director of U.S. Immigration and Customs Enforcement David Venturella. (*Id.*, PageID.1) Kashyap alleges that his detention violates due process under the Fifth Amendment. (*Id.*, PageID.8 ¶ 41) He seeks immediate release. (*Id.*, PageID.2–3 ¶ 10) The respondents argue that because Kashyap withdrew his request for bond (*see* D.N. 6-5), no due process violation has occurred. (D.N. 6, PageID.36–40) Kashyap maintains that he is entitled to habeas relief even if he does not request a bond hearing. (*See* D.N. 7, PageID.72–73)

**II.**

**A. Exhaustion of Remedies**

Respondents argue that Kashyap should be required to exhaust administrative remedies by seeking custody redetermination under § 1226(a). (*Id.*, PageID.40–43) Kashyap asserts that a custody redetermination "is not the individualized bond hearing due process requires." (D.N. 7, PageID.73)

Because "there is no applicable statute or rule that mandates administrative exhaustion" here, the Court may exercise its discretion as to whether exhaustion should be required. *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 619 (W.D. Mich. 2026) (citing *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013)). District courts in the Sixth Circuit apply the three-factor test set out in *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir. 1983), in deciding whether to require exhaustion. *See Soto-Medina*, 817 F. Supp. 3d at 619. Under that test, a court may require exhaustion when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* at 619–20 (citing *Cal. Care Corp.*, 709 F.2d at 1248). Here, whether Kashyap's detention without a bond hearing violates due process is "principally a legal question" that does not require agency consideration. *Id.* at 620. Moreover, waiving exhaustion would not encourage the deliberate bypass of administrative review because Kashyap's petition raises constitutional claims (*see* D.N. 1, PageID.2 ¶ 9; *id.*, PageID.8–11 ¶¶ 44–61; *id.*, PageID.13–15 ¶¶ 68–80), and "the BIA cannot review constitutional challenges." *Soto-Medina*, 817 F. Supp. 3d at 620 (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006)). For the same reason, administrative review would not preclude the need for judicial review under the third *California Care Corp.* factor. *See id.* Accordingly, the Court will waive exhaustion and consider Kashyap's petition. *See Chavez v. Bullock*, No. 2:26-cv-03081-SHL-cgc, 2026 WL 3017043, at *1 (W.D. Tenn. Oct. 7, 2026) (waiving exhaustion where respondent argued that "[p]etitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court").

**B. Due Process**

Because Kashyap "is detained under 8 U.S.C. § 1226(a)" (D.N. 6, PageID.36), he is entitled to a bond hearing. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–34 (6th Cir. 2026). Citing *Lopez-Campos*, Kashyap asserts that due process required that he be provided with a hearing before the government decided to terminate his liberty. (D.N. 1, PageID.2 ¶¶ 8–9) At his August 19, 2026 hearing, Kashyap withdrew his request for bond. (D.N. 6-5) Respondents argue that Kashyap "is properly detained under § 1226(a)" because "[a]t any time, [he] may file a new request for a bond hearing with the Immigration Court, and the Court will provide him with such a hearing." (D.N. 6, PageID.36–37; *see id.*, PageID.37–40 (arguing that it is a detainee's responsibility to request a custody-redetermination hearing)) District courts within the Sixth

Circuit have repeatedly rejected Respondents' argument. *See, e.g.*, *Perdomo Amaya v. Bullock*, No. 3:26-cv-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sep. 24, 2026) ("[T]he Government appears to argue that the Petitioner need not be released because he has not requested a bond hearing. That argument is without merit." (emphasis omitted)); *id.* ("[T]he government is . . . well aware that this court has rejected the argument that a[] [noncitizen] detained by the government must request a bond hearing before one is provided."); *Chavez*, 2026 WL 3017043, at *1–2 (granting habeas petition where respondent argued that "[p]etitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court"); *cf. Lin v. Woosley*, No. 4:26-CV-278-CHB, 2026 WL 1283236, at *6 n.6 (W.D. Ky. May 11, 2026) (ordering immediate release as a remedy even though respondents argued that § 1226 "provides for detention until a bond proceeding is adjudicated").

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *8 (W.D. Ky. Nov. 4, 2025) (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that three-part test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Kashyap "has a significant private interest in not being detained." *Id.*; *see Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. Mar. 3, 2026); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *6 (W.D. Ky. Nov. 26, 2025); *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Kashyap] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025).

Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that DHS can readily follow here." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493–94 (E.D.N.Y. 2025). Thus, because all three *Mathews* factors weigh in Kashyap's favor, the Court concludes that his detention violates due process.[1] *See Quintero*, 2026 WL 596643, at *3; *Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7; *see also Perdomo Amaya*, 2026 WL 2873809, at *2 (holding that the "Petitioner's detention violated his due process rights" even though "the Government . . . argue[d] that the Petitioner need not be released because he ha[d] not requested a bond hearing" (emphasis omitted)). And because Kashyap is unlawfully detained, the Court will order his immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a

[1] "Having determined that the Petitioner's procedural due process rights were violated and that he is entitled to a writ of habeas corpus on that basis, the [C]ourt does not address his other arguments that his substantive due process rights were violated." *Perdomo Amaya*, 2026 WL 2873809, at *2.

means to secure release from unlawful detention." (emphasis omitted)); *Perdomo Amaya*, 2026 WL 2873809, at *2 (ordering immediate release); *Singh*, 2025 WL 3298080, at *6 (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Kashyap's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Kashyap, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).[2] Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **October 30, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

October 27, 2026

**David J. Hale, Chief Judge**
**United States District Court**

[2] In any such hearing, "the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence." *Halstead v. Putra*, No. 1:26-cv-2591, 2026 WL 3002481, at *2 (W.D. Mich. Oct. 6, 2026); *see also Singh v. Hott*, No. 4:26-cv-256-DJH, 2026 WL 1880217, at *5 (W.D. Ky. June 30, 2026) (citing *Soto-Medina*, 817 F. Supp. 3d at 627–29 (discussing cases)).